**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40458
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-406-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Flores appeals the district court's denial of his

motion to suppress the evidence seized from his vehicle during a

traffic stop. He argues that the state trooper, Jorge Lopez,

detained him for an unreasonable amount of time in violation of his

Fourth Amendment rights after the trooper checked his Mexican

driver's license, his American insurance policy, and his temporary

Mexican permit displayed in the rear windshield of his vehicle.

Flores has not shown that the district court erred in denying his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

motion to suppress the evidence seized from his vehicle. The documents provided by Flores were not sufficient to establish Flores's ownership of the vehicle. It was not reasonable to expect that Lopez would know the legal significance of the temporary Mexican permit. Lopez's request for documentation and questioning concerning Flores's travel plans were within the scope of his investigation and did not extend the duration of the stop unreasonably. See United States v. Brigham, 382 F.3d 500, 508-11 (5th Cir. 2004).

Further, Flores's answers to Lopez's questions raised additional suspicions as Flores stated he had a business of distributing blenders, but he was driving to San Antonio to purchase used cars for resale in Mexico. Flores stated a friend had found used cars for him to purchase, but later stated that he did not know the makes and models of the cars. Flores stated that he was going to stay with a friend who lived off of Military Road, that he had never been there, but that he would be able to find it without explanation. Flores stated that he had spoken to his friend a few days earlier, but later stated that his friend did not have a telephone. Flores's answers and his apparent nervousness caused Lopez to become suspicious. The duration of the stop was not unreasonable as only six minutes elapsed from the time of the initial stop to the time that Lopez obtained consent to search the vehicle. After Lopez examined the manifold of the truck and found numerous pry marks, he had probable cause to believe that the

manifold contained contraband and, therefore, he had probable cause to ask Flores to follow him to the Falfurrias checkpoint for a more thorough search.

Because Lopez's questions were within the scope of his investigation and did not extend the duration of the detention unreasonably under the totality of the circumstances, the district court did not err in denying Flores's motion to suppress the evidence. See Brigham, 382 F.3d at 506-07.

AFFIRMED.